### UNITED STATES of America

v.

### Francisco Martin DURAN, Defendant.

### Crim. No. 94–447 (CRR).

United States District Court,
District of Columbia.

March 16, 1995.

Eric A. Dubelier, Brenda J. Johnson, and Chrisellen R. Kolb, Asst. U.S. Attys., Washington, DC, along with Eric H. Holder, Jr., U.S. Atty. for the District of Columbia, for the U.S.

A.J. Kramer, Federal Public Defender and Leigh A. Kenny, Asst. Federal Public Defender, Washington, DC, for defendant.

## *ORDER*

CHARLES R. RICHEY, District Judge.

Before the Court are the Government's Notice of Intent to Introduce Evidence of Other Crimes, Wrongs and Acts Pursuant to Fed.R.Evid. 404(b), as well as the Defendant's Motion *in Limine* to Preclude Evidence Under Fed.R.Evid. 404(b). The Court held a hearing on the same on March 15, 1995.

The Government seeks to introduce evidence of the Defendant's (1) previous conviction, incarceration, and parole denials; (2) failure to obtain an upgrade of his dishonorable discharge from the United States Army; (3) attempts to obtain authorization from the State of New Mexico to possess a firearm as a convicted felon; (4) false statements in connection with the purchases of firearms; (5) a threatening statement to the Colorado Springs Office of U.S. Senator Ben Nighthorse Campbell following passage of the Crime Bill; (6) threatening statements to friends and family regarding the President and the United States Government; and (7) prior purchases and attempts to purchase firearms and ammunition and false statements made in connection with such purchases or attempted purchases. The Government argues that this evidence is admissible to establish motive and intent under Rule 404(b).

In his Motion, the Defendant argues that this evidence is inadmissible because much of it shows neither motive nor intent, but suggests only bad character and propensity. Moreover, the Defendant contends that, un-

der Fed.R.Evid. 403, the evidence would be unfairly prejudicial, and that admission of the evidence, and of defense evidence in response, would substantially lengthen the trial and confuse the issues in this case.

For the reasons discussed herein, the Court shall grant the Defendant's Motion, except as to evidence regarding the threatening statements allegedly made by the Defendant to the Colorado Springs office of Senator Ben Nighthorse Campbell and to family and friends regarding the President and the United States Government.

### DISCUSSION

"The test for analyzing the admissibility of evidence of prior criminal convictions and other 'bad acts' is well established" in this Circuit. *United States v. Miller,* 895 F.2d 1431, 1435 (D.C.Cir.), *cert. denied,* 498 U.S. 825, 111 S.Ct. 79, 112 L.Ed.2d 52 (1990). It involves a two-step analysis. " 'The threshold inquiry,' imposed by Federal Rule of Evidence 404(b), 'is whether th[e] evidence is probative of a material issue other than character.' " *Id.* (quoting *Huddleston v. United States,* 485 U.S. 681, 686, 108 S.Ct. 1496, 1499, 99 L.Ed.2d 771 (1988)) (footnote omitted). " 'If offered for such a proper purpose, the evidence is [then] subject only to general strictures limiting admissibility,' the most important of which being the requirement of Rule 403 that the probative value of the evidence not be 'substantially outweighed' by its potential prejudice." *Id.* (quoting *Huddleston,* 485 U.S. at 687, 108 S.Ct. at 1500) (footnote omitted).

■ Although the Court finds that the evidence at issue passes the first stage of the analysis, that is, it is probative of a proper and relevant purpose under Rule 404(b), the Court further finds that the probative value

of the evidence at issue, except for the evidence of threatening statements, is substantially outweighed by the potential for unfair prejudice under Rule 403. Accordingly, the Court finds that such evidence must be excluded from the Government's case-in-chief.[1]

■ As to the first step of the inquiry before the Court, the issue is whether the evidence is to be admitted " 'to show action in conformity' with a criminal disposition" or, rather, whether it is to be admitted on another material issue. *Id.* (quoting Fed.R.Evid. 404(b)); *United States v. Clarke,* 24 F.3d 257, 264 (D.C.Cir.1994); *United States v. Manner,* 887 F.2d 317, 321 (D.C.Cir.1989), *cert. denied,* 493 U.S. 1062, 110 S.Ct. 879, 107 L.Ed.2d 962 (1990). Proper material issues include "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Miller,* 895 F.2d at 1436. The Court of Appeals for this Circuit has made clear, however, that Rule 404(b) merely defines the one *im*permissible purpose for bad act evidence; it does not define the set of permissible purposes for use of such evidence. *Id.* Thus, "[i]n other words, under Rule 404(b), *any* purpose for which bad-acts evidence is introduced is a proper purpose so long as the evidence is not offered *solely* to prove character." *Id.* (emphasis in original).

Applying this standard, the Court does not find that the Government seeks to introduce the evidence at issue solely for the impermissible purpose of showing propensity to commit crimes; rather, the Court accepts the Government's assertion, albeit a tenuous one, that such evidence goes to intent and motive.

Count 1 of the Superseding Indictment alleges that the Defendant acted with specific intent to kill the President. The Govern-

---

1. The Government argues that the Defendant's insanity defense substantially increases the probative value of prior bad acts by directly putting his state of mind at issue. Moreover, in a footnote, the Government states that on October 2 & 3, 1994, the Defendant procured the services of prostitutes and asserts that this fact is arguably admissible to rebut the insanity defense or to cross-examine the Defendant's psychiatric witnesses. Government's Notice of Intent to Introduce Evidence of Other Crimes, Wrongs and Acts Pursuant to Fed.R.Evid. 404(b) [hereinafter

"Govt's Notice"] at 9 n. 3. The question of the admissibility of the evidence in question on the issue of insanity is not before the Court. Although the Government does not appear to seek to introduce evidence of the Defendant's alleged use of prostitutes in its case-in-chief, the Court agrees with the Defendant that such evidence is not probative of a proper purpose on the merits and, in any event, is subject to exclusion from the Government's case-in-chief under Rule 403. Motion at 4.

ment's theory, in particular, is that the Defendant viewed the President as a symbol of all the unjust factors that affected his life, and that the Defendant's hostility was a motive for commission of the crime. *Cf. United States v. Russell,* 971 F.2d 1098, 1106–07 (4th Cir.1992) ("Part of the Government's theory at trial was that [the defendant] killed his wife because he viewed her as a symbol of the Marine Corps, an institution that he had come to resent as a result of his discharge."), *cert. denied,* — U.S. —, 113 S.Ct. 1013, 122 L.Ed.2d 161 (1993). The Government argues that the requisite specific intent to kill the President is evidenced by the Defendant's activities in the preceding months, and that the Defendant was motivated by anger and animosity arising from his previous felony conviction and incarceration, his inability to lawfully possess firearms, and the enactment of new federal laws relating to the purchase and possession of certain firearms. The Government further asserts that the Defendant's firearms purchases and his threatening statements regarding the United States Government are inextricably intertwined with the evidence of the offenses, and are essential in explaining the context of the crimes charged and the motive to the jury. *See United States v. Allen,* 960 F.2d 1055, 1058 (D.C.Cir.) ("Rule 404(b) excludes only evidence 'extrinsic' or 'extraneous' to the crimes charged, not evidence that is 'intrinsic' or 'inextricably intertwined.' "), *cert. denied,* — U.S. —, 113 S.Ct. 231, 121 L.Ed.2d 167 (1992).

■ In the instant case, the Court finds that, under the Government's theory, evidence of prior "bad acts" leading up the alleged commission of the crimes charged is probative of whether the Defendant possessed the intent to kill the President. Indeed, "[u]nder Rule 404(b), bad acts evidence can be introduced in order to prove intent," and " 'the intent with which a person commits an act on a given occasion can many times be best proven by testimony or evidence of his acts over a period of time thereto. . . .' " *United States v. Moore,* 732 F.2d 983, 987, 991 (D.C.Cir.1984) (quoting *United States v. Harrison,* 679 F.2d 942, 948 (D.C.Cir.1982); *Clarke,* 24 F.3d at 265

(404(b) evidence may be introduced to show intent).

The Court finds that the evidence at issue is also probative of the Defendant's motive. *United States v. Hernandez,* 780 F.2d 113, 117 (D.C.Cir.1986) (404(b) evidence may be introduced to show motive). "Hostility is a paradigmatic motive for committing a crime," and the Defendant's conviction, incarceration, and firearms purchases, "as well as the surrounding circumstances, [a]re obviously relevant to the Government's proof of this motive." *Russell,* 971 F.2d at 1107. In sum, as the evidence at issue "is not offered *solely* to prove character," the Court finds that it is not inadmissible under Rule 404(b). *Miller,* 895 F.2d at 1436.

While not subject to exclusion under Rule 404(b), the evidence at issue must also overcome the hurdle of Rule 403 to be admissible at trial. The limits on the Government's right to introduce bad act evidence for purposes other than showing a defendant's criminal propensity "derive from the 'general strictures limiting admissibility such as Rules 402 and 403,' not from Rule 404(b)." *Id.* (quoting *Huddleston,* 485 U.S. at 688, 108 S.Ct. at 1500). Under Rule 403, the Court finds that the evidence is not admissible in the Government's case-in-chief. The Court of Appeals for the District of Columbia Circuit has provided a "rule of thumb" for courts facing the inquiry at bar: " 'In determining whether the probative value is *substantially* outweighed by the danger of *unfair* prejudice it is a sound rule that the balance should generally be struck in favor of admission when the evidence indicates a close relationship to the event charged.' " *Moore,* 732 F.2d at 989 (quoting *United States v. Day,* 591 F.2d 861, 878 (D.C.Cir. 1978) (emphasis in original)).

■ Here, the Court has already held, pursuant to *United States v. Dockery,* 955 F.2d 50, 55 (D.C.Cir.1992), that the Defendant's convicted felon status shall not be tried to the jury. Order entered February 17, 1995. The Court declines to nullify its prior ruling, soundly based on *Dockery,* by admitting highly prejudicial evidence of the Defendant's prior conviction under Rule 404(b). Nor, for the same reason, will the

Court admit evidence of parole denials, the Defendant's dishonorable discharge from the army, correspondence with the New Mexico authorities regarding his convicted felon status, and attempts to purchase firearms notwithstanding his prior conviction.

In any event, the Court cannot find that such evidence is highly probative of the issues of intent or motive. Rather, the jury could easily infer from such evidence that the Defendant is a bad person with criminal propensities, and improperly convict on that basis. Accordingly, the Court finds that the 403 balancing test mandates exclusion of the evidence of any previous convictions, incarceration, parole denials, attempts to obtain authorization from the State of New Mexico to possess a firearm as a convicted felon, failure to obtain an upgrade of the Defendant's dishonorable discharge from the army, prior purchases and attempts to purchase firearms and ammunition, and false statements made in connection with such purchases or attempted purchases.

In contrast, the Court further finds that evidence regarding threats against the President and the U.S. Government, including the telephone call to the office of Senator Ben Nighthorse Campbell, is highly probative of motive and intent to assassinate the President. Counsel for the Defendant effectively conceded the relevance of this evidence at the March 15, 1995 hearing. With respect to such evidence, "[t]he risk of unfair prejudice in this case is minimized because the only obvious use for the bad acts testimony is the proper use," namely, to determine whether the Defendant had the requisite criminal intent. *Moore*, 732 F.2d at 990. Thus, the Court finds that evidence of the Defendant's alleged threats to the President and the United States Government is not inadmissible under Rule 404(b) or Rule 403 on the merits.

Accordingly, it is, by the Court, this 15 day of March, 1995,

ORDERED that Defendant Duran's Motion *in Limine* to Preclude Evidence Under Fed.R.Evid. 404(b) shall be, and hereby is, GRANTED, except as to evidence regarding the Defendant's alleged threats to the President and the United States Government, including the statement allegedly made by the Defendant to the Colorado Springs office of Senator Ben Nighthorse Campbell; and it is

FURTHER ORDERED that, pursuant to *Washington Post v. Robinson*, 935 F.2d 282, 289 (D.C.Cir.1991), this Order shall be, and hereby is, placed UNDER SEAL, until further Order of the Court, as it contains references to portions of the record found inadmissible at trial and because a public airing of the same would prejudice the Defendant's right to a fair and impartial jury and trial.